UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NIKHIL SARKAR ET AL | CIVIL ACTION |
| VERSUS | NO: 09-444 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: J(2) |

## ORDER AND REASONS

Before the Court is Defendant State Farm Fire & Casualty Insurance Company's ("State Farm" or "Defendant") **Motion to Exclude All Expert Testimony and Expert Reports (Rec. Doc. 19), Motion to Exclude Plaintiffs' Witnesses and Exhibits (Rec. Doc. 20),** and **Response to Plaintiffs' Motion for Leave to File Witness and Exhibit List Out of Time (Rec. Doc. 26);** as well as Plaintiffs Nikhil & Joysri Sarkar's **Motion for Leave to File Witness and Exhibit List (Rec. Doc. 24)**, and **Response Memorandum in Opposition Defendant's Motions to Exclude (Rec. Doc. 23).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This action is one of hundreds of Hurricane Katrina insurance coverage disputes brought against State Farm by the Hurricane Legal Center ("HLC") in August of 2007. Originally, these suits were included in a mass joinder suit entitled Aguda v. State Farm Fire & Casualty Insurance Company, No. 07-4457. These suits underwent numerous procedural steps as the actions were consolidated with the Katrina Canal Breaches Consolidated Litigation, No. 05-4182, subsequently deconsolidated, and

eventually severed from one another on December 30, 2008 with the remaining plaintiffs ordered to file an individualized complaint.

After filing their individual complaints, Plaintiffs in this matter have failed to comply with the deadlines set forth in the Court's Scheduling Order. Of particular importance to the current motions, Plaintiffs failed to timely submit expert testimony or file their witness and exhibit list. As a result, Defendant alleges that it has been prejudiced by Plaintiffs' failure to comply with the Scheduling Order. Accordingly, Defendant asks this Court to order that Plaintiffs are precluded from introducing any witnesses, exhibits, or expert testimony during trial. After reviewing the record, file, and the parties' motions and memoranda, this Court finds as follows:

## **THE PARTIES' ARGUMENTS**

Defendant argues that Plaintiffs' witnesses, exhibits, and expert testimony should be excluded because Plaintiffs have failed to comply with the Court's Scheduling Order, which specifically states that "[t]he Court will not permit any witness, expert or fact, to testify or exhibits to be used unless there has been compliance with this Order as it pertains to the witness." (Rec. Doc. 7, pg. 2).

Plaintiffs, on the other hand, argue that despite their failure to comply with the Scheduling Order, no prejudice would exist if this Court allowed them to submit their delayed witness

and exhibit list, and introduce their witnesses, exhibits, and expert testimony at trial.

## **DISCUSSION**

Plaintiffs have failed to timely disclose information, including Fed. R. Civ. Pro. 26(a) disclosures, as outlined by this Court's Rule 16 Scheduling Order. Where a party fails to timely disclose such information, the party is not permitted to use as evidence at trial any witness or information not so disclosed. Fed. R. Civ. P. Rule 37(c)(1). There are, however, exceptions to this rule. These exceptions allow admission of evidence when the party's failure to disclose the required information is substantially justified or harmless. Rule 37(c)(1).

This Court has broad discretion in deciding whether a violation is substantially justified or harmless. Barrett v. Atlantic Richfield, Co., 95 F.3d 375, 380 (5th Cir. 1996) (citing Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)). However, in exercising this discretion, four factors are to be considered: (1) the explanation for the party's failure to comply with the discovery order; (2) the importance of the evidence; (3) the prejudice to the opposing party of allowing the introduction of such evidence; and (4) the possibility of a continuance to cure any prejudice to the other party. Sierra Club v. Cedar Point Oil Co., 73 F.3d at 546, 572 (5th Cir. 1996); Barrett, 95

F.3d at 380; Geiserman, 893 F.2d at 791.

Plaintiffs have not provided a good explanation for their failure to comply with the discovery order. In fact, Plaintiffs simply state that their delayed filing of the list was an oversight because they "legitimately believed that Plaintiffs' case would be amicably resolved[.]" (Rec. Doc. 23, pg. 1). Plaintiffs do not allege that Defendant lured them into believing that filing the list would not be necessary. On the contrary, Defendant actively pursued discovery and even filed motions to compel during the process. Therefore, Plaintiffs explanation for their failure to comply is not sufficient to find that their failure was substantially justified.

Nevertheless, this Court cannot deny that Plaintiffs' failures were harmless. Despite Defendant's assertions, Defendant will not be prejudiced if Plaintiffs were allowed to introduce their witnesses, exhibits, or expert witnesses at trial. Defendant suggests that "[P]laintiffs have had the benefit of State Farm's timely filed witness and exhibit list while State Farm has been left to wonder as to the manner of evidence and identity of witnesses Plaintiffs intend to present to prove their case." (Rec. Doc. 20, pg. 8). This, according to Defendant, has caused prejudice.

Indeed, a Court's Scheduling Order should be complied with, and a Court should not view lightly a party's failure to comply

4

due to an inexcusable "oversight." Further, this Court does not deny that in some matters, such failures can result in incurable prejudice to the other party. However, this case is different. Any prejudice that have been, or may be, caused by Plaintiffs' delayed disclosures have been, or can be, cured. This Court has already granted Defendant an extension of deadlines for pre-trial motions. This extension allows Defendant additional time to file any motions in limine in which it can address any issues with Plaintiffs' potential witnesses, exhibits, and experts. Also, if the aforementioned extension has not cured potential prejudices to Defendant, this Court, if necessary, can grant a continuance of trial, which will undoubtedly cure any prejudice that Defendant may face. For these reasons, this Court is not convinced that Defendant has been, or will be, prejudiced by the late-filing of the list.

## RECOMMENDATION

In light of the harm that Plaintiffs may suffer if this Court were to deny them the ability to introduce any witnesses or exhibits at trial, compared to the curable prejudices Defendant may face, this Court will not prevent Plaintiffs from introducing witnesses and exhibits at trial - despite their inexcusable failure to comply by the Court's Scheduling Order.

Accordingly,

**IT IS ORDERED** that Defendant State Farm Fire & Casualty

Insurance Company's **Motion to Exclude All Expert Testimony and Expert Reports (Rec. Doc. 19)** and **Motion to Exclude Plaintiffs' Witnesses and Exhibits (Rec. Doc. 20)** are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Leave to File Witness and Exhibit List (Rec. 24)** be **GRANTED** and Plaintiffs be allowed to file their witness and exhibit list into the record.

New Orleans, Louisiana, this 25th day of November, 2009.

_____
United States District Judge