```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

NIKHIL SARKAR ET AL                              CIVIL ACTION

VERSUS                                           NO: 09-444

STATE FARM FIRE AND CASUALTY                     SECTION: J(2)
INSURANCE COMPANY

**ORDER**

Before the Court is Plaintiffs' **Motion for Summary Judgment (Rec. Doc. 28)** and Defendant's **Response Memorandum in Opposition (Rec. Doc. 41).** Plaintiffs have filed the current motion, in which they request summary judgment on the following issues:

1. The applicable law regarding the burden shifting standard relating to segregating damages caused by covered and excluded perils;

2. Whether Defendant can assert that Plaintiffs' amount of recovery is limited to the pre-storm value of Plaintiffs' home and whether evidence of such value is relevant; and

3. Whether Defendant's actions constitute bad faith.

After reviewing the motion, applicable law, and the memoranda of the parties, this Court **ORDERS** as follows:

**DISCUSSION**

*I. Burden Shifting Standard*

Plaintiffs argue that they do not have the burden of

segregating damages for covered and excluded perils. This Court has, on many occasions, stated the legal standard for the issue of segregating damages for covered and excluded perils. As stated in <u>Lightell v. State Farm Fire and Casualty Co.</u>, No. 08-4393, 2009 WL 4505942 (E.D. La. Nov. 25, 2009), the applicable legal standard was clearly laid out by the United States Court of Appeals, Fifth Circuit in <u>Dickerson v. Lexington Insurance Company</u>, 556 F.3d 290 (5th Cir. 2009). In <u>Dickerson</u>, 556 F.3d 290, the Fifth Circuit stated,

> [u]nder Louisiana law, the insured must prove that the claim asserted is covered by his policy. Once he has done this, the insurer has the burden of demonstrating that the damage at issue is excluded from coverage. Thus, once [the insured] proved his home was damaged by wind, the burden shifted to [the insurer] to prove that flooding caused the damage at issue, thereby excluding coverage under the homeowner's policy.

<u>Id.</u> at 295; <u>see also</u> <u>Smith v. American Family Life Assur. Co. of Columbus</u>, 584 F.3d 212, 218 (5th Cir. 2009) (citing <u>Doerr v. Mobil Oil Corp.</u>, 774 So.2d 119, 124 (La. 2000) for the notion that "the insurer bears the burden of proving the applicability of an exclusionary clause within a policy"); <u>Imperial Trading Co., Inc. v. Travelers Property Cas. Co. Of America</u>, 638 F. Supp. 2d 692, 694 (E.D. La. Jul 16, 2009) (holding that the burden is not on the plaintiff to prove segregable damages).

Therefore, Plaintiffs, in their motion for summary judgment, have asserted the correct standard. "Plaintiffs' burden at trial will be to prove that they are entitled to additional payments to damage to their property. Plaintiffs do not have the burden of

segregating the damages based on covered and non-covered perils."
Lightell, 2009 WL 4505942 at *3 (E.D. La. Nov. 25, 2009).

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for summary judgment on the applicable law regarding the burden shifting standard for segregating damages caused by covered and excluded perils is hereby **GRANTED**.

## II. Reference to the Pre-Storm Value of Plaintiffs' Home

Plaintiffs have also asked this Court to order that their recovery is not limited to the pre-storm value of their home and that any reference to such value is irrelevant. However, Defendant has not asserted that Plaintiffs' amount of recovery is limited to the pre-storm value of the home. Therefore, **IT IS ORDERED** that Plaintiffs' request for summary judgment on this issue is **MOOT**.

## III. Bad Faith Damages

Having found that genuine issues of material fact exist relating to whether Defendant acted in bad faith, **IT IS ORDERED** that Plaintiffs' request for summary judgment on the issue of bad faith is hereby **DENIED**.

New Orleans, Louisiana this 22nd day of February, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE